UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALIFORNIA INNOVATIONS, INC.,                                      05-CV-0539E(Sc)

                         Plaintiff,

                                                                                   MEMORANDUM
            -vs-
                                                                                        and

ACCESS BAG N' PACK, INC. and
IGLOO PRODUCTS CORPORATION,                                        ORDER[1]

                         Defendants.

_____

## INTRODUCTION

        In this patent infringement action, Plaintiff California Innovations, Inc. alleges

that the defendants have infringed several of its patents for soft-sided beverage

coolers and have sold numerous products competing with Plaintiff's products using

the infringed patents.  Currently pending before the Court is Plaintiff's Motion for

Default Judgment as to defendant Access Bag N' Pack ("Access").[2]

## BACKGROUND

        Plaintiff served a Summons and Complaint on Access by service on the New

York State Secretary of State on November 3, 2005.  Pursuant to Rule 12(a)(1)(A) of the

Federal Rules of Civil Procedure ("FRCvP") Access should have filed its Answer to

_____

[1]This decision may be cited in whole or in any part.

[2]On May 31, 2006 the Court issued an Order to Show Cause directing Plaintiff to show
cause why its action against Access should not be dismissed for failure to prosecute in light of
Plaintiff's failure to take any action based on Access's failure to answer the Complaint.  By filing
the instant Motion for Default Judgment, Plaintiff has sufficiently shown cause its claims against
Access should not be dismissed.

the Complaint within twenty days from the date on which it was served with the

Complaint.   Access failed to do so.   In fact, Access has not responded to the

Complaint to date.  On June 22, 2006 the Clerk of the Court entered Access's default

and Plaintiff filed the instant Motion for Default Judgment.  Access's response to the

Motion was to be filed on or before August 4, 2006.  Access failed to respond to the

Motion.

<u>FACTS</u>

Plaintiff alleges that it is the assignee of three valid and legally issued patents

pertaining to the manufacture of soft-sided beverage coolers.  The patents are: United

States Patent No. 6,116,045 ("the '045 patent"), United States Patent No. 6,067,816

("the '816 patent") and United States Patent No. 6,481,239 ("the '239 patent").[3]

Plaintiff alleges that Access has directly infringed and continues to infringe various

claims within those three patents by the manufacture and sale in commerce of

Access's soft-sided cooler model "46712."[4]   In the Complaint, Plaintiff seeks a

declaration that Access has infringed the enumerated patents, an award of damages

caused by the infringement, a permanent injunction against Access from further

---

[3]Plaintiff also alleges a fourth claim with respect to United States Patent No. 6,644,063 ("the '063 patent).  As such claim relates solely to another defendant, however, the Court does not address that patent herein.

[4]Although Plaintiff has alleged that Access and the other defendants "made, used, sold, offered for sale, and/or imported goods, including but not limited to [Access] model "46712" ∗∗∗" (Compl. ¶11), Plaintiff does not allege that Access has infringed the patents by any product other than model "46712."

infringing the enumerated patents, attorney's fees, costs and pre- and post-judgment interest.

On this Motion however, Plaintiff seeks the entry of a permanent injunction against Access and an Order for an accounting so that Plaintiff may obtain evidence as to the number of infringing products, if any, sold by Access and determine the amount of damages, if any, to which it is entitled.

## DISCUSSION

FRCvP 55(b) provides that, unless Plaintiff's claim against the defaulting defendant is for a sum certain, Plaintiff must apply to the court for judgment by default.  FRCvP 55(b) also states that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct such hearings or order such references as it deems necessary and proper ***."

When a default judgment is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc.* v. *E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).  However, where as here the amount of damages is not readily ascertainable, a plaintiff must prove the amount of damages before a final default judgment can be entered.  *See Au Bon Pain Corp.* v. *Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

- 3 -

By its default, Access has admitted that Plaintiff is the assignee of the three enumerated patents and that Access has and continues to infringe those patents by the manufacture and/or sale of its model "46712" soft-sided cooler.  Thus, by its default, Access has admitted that it has infringed Plaintiff's patents.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** that judgment by default is entered against Access with respect to liability on Plaintiff's infringement claims and that Access is enjoined from further acts of infringement with respect to the '045, '816 and '239 patents by its model number "46712"; and it is further

**ORDERED** that Plaintiff is entitled to an accounting of the sales of model "46712" in order to determine its damages, if any.

DATED:       Buffalo, N.Y.
             March 30, 2007

                         /s/ John T. Elfvin
            _____
                         JOHN T. ELFVIN
                         S.U.S.D.J.